

FORM 1120 (11-21-2014)

Farm Credit Services of America/Frontier Farm Credit

# ASSIGNMENT, NONSOLICITATION, AND NONDISCLOSURE AGREEMENT

This AGREEMENT is made effective this 1st day of January, 2015, by and between Farm Credit Services of America, ACA, Farm Credit Services of America, FLCA, and/or Farm Credit Services of America, PCA, (hereinafter collectively referred to as "FCSAmerica"), and Frontier Farm Credit, ACA, Frontier Farm Credit, FLCA and/or Frontier Farm Credit, PCA (hereinafter collectively referred to as "Frontier") and the undersigned joint employee of FCSAmerica and Frontier (hereinafter referred to as "Employee").

WHEREAS, Employee is now or will be employed as a joint employee of FCSAmerica and Frontier; and

WHEREAS, Employee acknowledges that all information maintained or used by FCSAmerica or Frontier in any form which is not available to the public or to competitors of FCSAmerica or Frontier competitors, including but not limited to customer lists and information, employee lists and information (including compensation agreements), methods of operation, business processes, financial information, rates and terms, business plans and practices, and marketing plans and practices, business or market research, all research and development and all discoveries, improvements, applications, enhancements and inventions undertaken or made in connection therewith, whether or not patentable; and all files, documents, contracts, listings, computer programs, printouts, source codes, specifications, processes, applications, techniques, formulas and information of any name, nature or description related thereto, whether or not the same are in machine readable form or reduced to writing; and all information which is legally protected by law is confidential proprietary information and constitutes trade secrets (hereinafter collectively referred to as "Confidential Information"); and

WHEREAS, Employee acknowledges that Employee has had and/or will have, during or as a result of Employee's employment with FCSAmerica and Frontier, contact with customers and employees of FCSAmerica and/or Frontier and access or exposure to Confidential Information belonging to FCSAmerica and/or Frontier; and

WHEREAS, it is the desire of the parties to enter into certain agreements and covenants concerning the Confidential Information and Employee's employment with FCSAmerica and Frontier.

NOW, THEREFORE, in consideration of new employment or a change in position that commences or is otherwise effective on or after the effective date of this Agreement, and in consideration of access to customers and employees of FCSAmerica and/or Frontier and access or exposure to Confidential Information, and as a condition of participation in any FCSAmerica or Frontier Incentive Plan, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Employee hereby agrees as follows:

1. **ASSIGNMENT.** Any and all compensation, commissions, fees, honoraria, gratuities, or benefit(s) either direct or indirect of any kind earned by Employee while employed by FCSAmerica and Frontier from any insurance company, carrier, agency or third party (other than FCSAmerica or Frontier) as a result of the placement of insurance by Employee, are hereby wholly and irrevocably assigned to FCSAmerica. Any and all such payments not paid directly to FCSAmerica but received by Employee shall be remitted immediately by Employee to FCSAmerica. This assignment shall continue in full force and effect as to all items described herein notwithstanding changes in Employee's employment status, including, but not limited to, termination.

2. **NONSOLICITATION OF CUSTOMERS.** For a period of two (2) years following the termination (voluntary or involuntary, for any reason or no reason) of Employee's employment with FCSAmerica and/or Frontier, Employee shall not, seek or accept employment with, and will not call on or solicit the business of, or sell to, or service (directly or indirectly, on Employee's own behalf or in association with or on behalf of any other individual or entity), any of the customers of FCSAmerica and/or Frontier with whom Employee actually did business and had personal contact while employed by FCSAmerica or Frontier, except to the extent such activities are unrelated to and not competitive with the business, products or services that Employee offered or provided on

behalf of FCSAmerica or Frontier and cannot adversely affect the relationship or volume of business that FCSAmerica and/or Frontier have with such customers.

3. **NONSOLICITATION OF EMPLOYEES.** For a period of two (2) years following the termination (voluntary or involuntary, for any reason or no reason) of Employee's employment with FCSAmerica and/or Frontier, Employee shall not (on Employee's own behalf or in association with or on behalf of any other individual or entity other than FCSAmerica or Frontier), seek, recruit or otherwise solicit, for employment any then current employee of FCSAmerica or Frontier with whom Employee actually worked and had personal contact with while employed by FCSAmerica and/or Frontier, except for a position, engagement or business opportunity that is not competitive with the business, products or services that Employee (or any recruited or otherwise solicited employee) offered or provided on behalf of FCSAmerica or Frontier and cannot adversely affect the relationship or volume of business that FCSAmerica and/or Frontier have with their customers.

4. **NONDISCLOSURE OF CONFIDENTIAL INFORMATION.** During the term of Employee's employment with FCSAmerica and Frontier and following the termination (voluntary or involuntary, for any reason or no reason) of Employee's employment with FCSAmerica and/or Frontier, Employee shall not use for any purpose or divulge, disclose, or communicate to any person or entity, in any manner whatsoever, any Confidential Information acquired during or as a result of Employee's employment with FCSAmerica and/or Frontier. Employee agrees that the Confidential Information is proprietary to FCSAmerica or Frontier and is owned solely by FCSAmerica or Frontier, and that the disclosure thereof would cause irreparable harm and damage to the business of FCSAmerica and/or Frontier. Employee will not access, copy, download, transmit, or reproduce any Confidential Information (whether stored electronically or otherwise) for any purpose other than furthering the business interests of FCSAmerica and Frontier. Employee will never use or disclose Confidential Information (even following the termination of employment) for any purpose other than furthering the business interests of FCSAmerica or Frontier. Upon termination (voluntary or involuntary, for any reason or no reason) of Employee's employment with FCSAmerica and/or Frontier, Employee shall immediately return to FCSAmerica and Frontier, respectively all data, materials and other documents containing or related to any Confidential Information belonging to each respectively.

5. **REASONABLENESS OF RESTRICTIONS.** Employee has carefully read and considered the provisions herein and, having done so, agrees that the restrictions set forth in Paragraphs 1, 2, 3, and 4 hereof are necessary and reasonable for the protection of the interests of FCSAmerica and/or Frontier, including customer goodwill, and that said restrictions will not prevent Employee from being gainfully employed following termination of employment with FCSAmerica and/or Frontier because Employee will be free to engage in any occupation, and even to recruit or otherwise solicit employees of FCSAmerica or Frontier, as long as Employee honors the restrictions set forth in this Agreement.

6. **PRESERVATION OF RIGHTS. NOTWITHSTANDING ANYTHING TO THE CONTRARY STATED HEREIN, NOTHING IN THIS AGREEMENT IS INTENDED TO LIMIT IN ANY WAY YOUR RIGHT OR ABILITY AS AN EMPLOYEE TO FILE A CHARGE OR CLAIM WITH ANY FEDERAL, STATE OR LOCAL AGENCY, INCLUDING, BUT NOT LIMITED TO THE NATIONAL LABOR RELATIONS BOARD ("NLRB"), THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"), ANY OTHER FAIR EMPLOYMENT PRACTICES AGENCY ("FEPA") OR ANY COMPARABLE AGENCY. THESE AGENCIES HAVE THE AUTHORITY TO CARRY OUT THEIR OWN STATUTORY DUTIES BY INVESTIGATING CHARGES OR CLAIMS, ISSUING DETERMINATIONS, FILING LAWSUITS IN THEIR OWN NAME OR TAKING OTHER ACTION AUTHORIZED BY STATUTE. YOU RETAIN THE RIGHT TO PARTICIPATE IN ANY SUCH ACTION. IN ADDITION, YOU RETAIN THE RIGHT TO INITIATE OR RESPOND TO ANY COMMUNICATION WITH OR FROM ANY SUCH GOVERNMENTAL AGENCY.**

7. **BURDEN AND BENEFIT.** This Agreement may not be assigned by Employee. FCSAmerica and/or Frontier shall have the right to assign its rights hereunder to any successor-in-interest, whether by merger, consolidation, sale of assets, or otherwise.

8. **CHOICE OF LAW AND VENUE.** It is understood and agreed that the construction and interpretation of this Agreement shall at all times and in all respects be governed by the internal laws of the State of Nebraska, without giving effect to the conflict of law provisions thereof. Venue of any action brought to enforce or relating

to this Agreement shall be brought exclusively in the District Court of Douglas County, Nebraska, or the United States District Court for the District of Nebraska.

9. **SEVERABILITY.** The provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of the provisions hereof shall not affect the validity or enforceability of any one or more of the other provisions hereof.

10. **NOT CONTRACT FOR EMPLOYMENT.** This Agreement is not an employment contract and does not give Employee any employment rights. Employment is at will, and either party may terminate the employment relationship at any time, with or without notice or cause.

11. **ENTIRE AGREEMENT AND AMENDMENTS.** No change, addition, deletion or amendment of this Agreement shall be valid or binding upon either party unless in writing and signed by the party. There are no oral or other agreements or understanding between the parties affecting this Agreement. The captions or headings of the various paragraphs of this Agreement are for convenience only and therefore do not define, limit, describe or construe the contents of such paragraphs. This Agreement replaces and supersedes all prior agreements and understandings as to the subject matter hereof.

IN WITNESS WHEREOF, the parties have duly executed this Agreement effective as of the date first written above. By executing this Agreement, each party acknowledges receipt of a copy of the same.

Employee's Signature: _____

Employee's Printed Name: Richard Knuppe

Farm Credit Services of America, ACA;
Farm Credit Services of America, FLCA;
Farm Credit Services of America, PCA;
Frontier Farm Credit, ACA;
Frontier Farm Credit, FLCA; and
Frontier Farm Credit, PCA

By: _____

Printed Name:  Kurt Kline

Title:   Vice President – Human Resources

3