IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FARM CREDIT SERVICES OF AMERICA,
FLCA,

Plaintiff,

vs.

RICHARD KNUPPE,

Defendant.

8:26CV102

PRELIMINARY INJUNCTION

The Court having considered the written submissions of the parties on Plaintiff's Motion for Preliminary Injunction, Filing 4, and the arguments of the parties at the Preliminary Injunction Hearing on March 30, 2026, in the case captioned above,

THE COURT FINDS the following for preliminary purposes:

1.      Knuppe voluntarily entered into restrictive covenants that restrict his ability to "solicit the business of, or sell to, or service (directly or indirectly, on [Knuppe's] own behalf or in association with or on behalf of any other individual or entity), any of the customers of [Farm Credit] with whom [Knuppe] actually did business and had personal contact while employed by [Farm Credit]" and disclose certain confidential information for a two-year term. Filing 1-1.

2.      Under Nebraska law, the above restrictive covenants are valid and enforceable because the covenants are "(1) reasonable in the sense that it is not injurious to the public, (2) not greater than is reasonably necessary to protect the employer in some legitimate interest, and (3) not unduly harsh and oppressive on the employee." *Farm Credit Services of Am., FLCA v. Mens*, 456 F. Supp. 3d 1173, 1182–83 (D. Neb. 2020) (quoting *Aon Consulting, Inc. v. Midlands Fin. Benefits, Inc.*, 748 N.W.2d 626, 638 (Neb. 2008), in turn citing *Mertz v. Pharmacists Mut. Ins. Co.*, 261 Neb. 704, 625 N.W.2d 197 (2001)).

1

3.      Knuppe violated the agreement containing the restrictive covenants because he has "solict[ed] the business of, [sold] to, or service[d]" at least one Farm Credit customer (*i.e.,* Gilbert Cattle Company) with whom Knuppe actually did business and had personal contact while employed by Farm Credit by creating a letter on Gilbert Cattle Company's behalf requesting that all of Gilbert Cattle Company's business insurance be consolidated under a carrier that Farm Credit does not have an agency contract with. Filing 1-1 at 1–2; Filing 7-1 at 4–5 (¶ 24); Filing 7-2.

4.      Farm Credit has shown a likelihood of success on the merits because the covenants are enforceable and because a breach has been shown. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *Farm Credit Servs. of Am., FLCA v. Mens*, 8:19CV14, 2019 WL 285962, at *3 (D. Neb. Jan. 19, 2019) (saying that, to show a likelihood of success on the merits, Farm Credit had to show that the nonsolicitation and nondisclosure agreement is (1) valid and enforceable and (2) that the employee violated the agreement).

5.      The Court finds that the loss of customer goodwill caused by Knuppe's violation of the nonsolicitiation provision by calling on or providing service for Gilbert Cattle Company constitutes irreparable harm. *Medicine Shoppe Intern., Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 805 (8th Cir. 2003) (saying "[l]oss of intangible assets such as reputation and goodwill can constitute irreparable injury"); *N.I.S. Corp. v. Swindle*, 724 F.2d 707, 710 (8th Cir. 1984); *see Winter*, 555 U.S. at 20 (saying the Court considers the threat of irreparable harm); *Dataphase*, 640 F.2d at 114.

6.      The Court finds that the balance of equities favors the issuance of a preliminary injunction because Farm Credit is at risk of losing customer goodwill whereas Knuppe would be restricted only according to the Agreement that he made and that the Court has found to be valid

and enforceable. *Winter*, 555 U.S. at 20 (saying the Court considers the "balance between this harm and the injury that granting the injunction will inflict on other parties litigant); *Dataphase*, 640 F.2d at 114.

7.      The Court finds that the public interest favors the issuance of a preliminary injunction because the public has an interest in enforcing contractual obligations. *Winter*, 555 U.S. at 20 (saying the Court considers "the public interest"); *Dataphase*, 640 F.2d at 114; *Sleep No. Corp. v. Young*, 33 F.4th 1012, 1019 (8th Cir. 2022).

IT IS THEREFORE ORDERED AND ADJUDGED that pursuant to Federal Rule of Civil Procedure 65(a), Richard Knuppe and those in active concert or participation with him are enjoined from violating the nonsolicitation of customers and nondisclosure of confidential information provisions of the 2015 Agreement between Knuppe and Farm Credit, Filing 1-1 at 1–2 (¶¶ 2, 4), through June 18, 2027, or until this Court orders otherwise.

The relevant part of the Agreement states:

**2. NONSOLICITATION OF CUSTOMERS.** For a period of two (2) years following the termination (voluntary or involuntary, for any reason or no reason) of [Knuppe's] employment with [Farm Credit], [Knuppe] shall not, seek or accept employment with, and will not call on or solicit the business of, or sell to, or service (directly or indirectly, on [Knuppe's] own behalf or in association with or on behalf of any other individual or entity), any of the customers of [Farm Credit] with whom [Knuppe] actually did business and had personal contact while employed by [Farm Credit], except to the extent such activities are unrelated to and not competitive with the business, products or services that [Knuppe] offered or provided on behalf of [Farm Credit] and cannot adversely affect the relationship or volume of business that [Farm Credit] ha[s] with such customers.

\*\*\*

**4. NONDISCLOSURE OF CONFIDENTIAL INFORMATION.** During the term of [Knuppe's] employment with [Farm Credit] and following the termination (voluntary or involuntary, for any reason or no reason) of [Knuppe's] employment with [Farm Credit], Employee shall not use for any purpose or divulge, disclose, or communicate to any person or entity, in any manner whatsoever, any Confidential Information acquired during or as a result of [Knuppe's] employment with [Farm Credit]. [Knuppe] agrees that the Confidential Information is proprietary to [Farm

3

Credit] and is owned solely by [Farm Credit], and that the disclosure thereof would cause irreparable harm and damage to the business of [Farm Credit]. [Knuppe] will not access, copy, download, transmit, or reproduce any Confidential Information (whether store electronically or otherwise) for any purpose other than furthering the business interests of [Farm Credit]. [Knuppe] will never use or disclose Confidential Information (even following the termination of employment) for any purpose other than furthering the business interests of [Farm Credit], [Knuppe] shall immediately return to [Farm Credit] . . . all data, materials and other documents containing or related to any Confidential Information belonging [Farm Credit].

Filing 1-1 at 1–2.

IT IS FURTHER ORDERED AND ADJUDGED that under Federal Rule of Civil Procedure 65(c), this preliminary injunction shall issue immediately, because Farm Credit has previously posted a security or bond in the amount of $15,000 as security for the payment of such costs and damages as may be incurred or suffered by a party who is subsequently found to be wrongfully enjoined or restrained hereby.

Dated this 31st day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

4